**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINDA SMITH, | |
| Plaintiff, | CIVIL ACTION NO. 3:16-CV-02430 |
| v. | (JUDGE CAPUTO) |
| THE UNIVERSITY OF SCRANTON, BRIAN CONNIFF, AND CLAYTON NOTTELMANN, | |
| Defendants. | |

## **MEMORANDUM**

Presently before this Court is a Motion for Leave to Amend Defendants' Answer to Plaintiff's Complaint (Doc. 17). Defendants' Motion will be granted because the amendment sought is logically connected to documents discovered after the Answer was filed and Plaintiff has failed to establish that the proposed amendment followed an undue delay or would result in prejudice.

### **I. Background**

On December 7, 2016 Plaintiff Linda Smith ("Plaintiff") filed a Complaint against Defendants Brian Conniff, Clayton Nottelmann, and the University of Scranton (collectively "Defendants"). Plaintiff's Complaint alleges that the Defendants unlawfully terminated her employment on June 30, 2015 in retaliation for engaging in conduct protected under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Defendants filed a timely Answer to Plaintiff's Complaint on February 17, 2017. Discovery followed.

Discovery has been contentious. On April 28, 2017 Defendants served their first set of Interrogatories and Requests for Production of Documents on Plaintiff. Plaintiff served Defendants with responses to Defendants' April 28, 2017 request on July 2, 2017. Plaintiff claims that she provided Defendants with "all documents responsive to Defendants'

request." (Doc. 19-1, at 1). Notably, Plaintiff contends that the documents produced on July 2, 2017 included emails between Plaintiff and Defendants which evidenced that Plaintiff occasionally used her personal email to discuss work-related matters.[1] Following receipt of Plaintiff's response Defendants served a discovery deficiency letter on Plaintiff. Specifically, this letter "outlined various discovery issues" and noted that Plaintiff had failed to identify any documents by Bates number. (Doc. 18, at 2). It does not appear that Plaintiff ever responded to this letter.

Despite the deficiencies outlined by Defendants, discovery continued. In fact, Plaintiff was deposed on September 29, 2017. At Plaintiff's deposition, Defendants claim they were provided documents for the first time that suggested Plaintiff: (1) stored information relating to the University's business in her home; (2) forwarded confidential information to her personal email account for personal use; and (3) accessed the University computer system after her termination to obtain information related to University business for her personal use. If true, this information would strongly suggest that Plaintiff was in violation of a number of University policies prior to, and immediately following, her termination. Plaintiff disputes that these documents were provided to Defendants for the first time at Plaintiff's deposition. Specifically, Plaintiff notes these documents were provided in her July 2, 2017 response to Defendants' Request for Production.

After receiving the transcript of Plaintiff's deposition testimony, Defendants prepared and filed the instant Motion for Leave to Amend on October 16, 2017. Leave is sought to

---

[1] Defendants do not deny that these documents may have been included in the July 2, 2017 production. But, the deficiencies in the production–namely the absence of Bates numbers–made it exceedingly difficult for Defendants to discern what documents were responsive to their request.

2

amend Defendants' Answer to include two affirmative defenses: after-acquired evidence[2], and unclean hands. Plaintiff contests the Motion and filed a brief in opposition on October 30, 2017. Further, in an effort to resolve a number of the present discovery disputes, this Court scheduled a conference with the parties on November 28, 2017. During this conference a number of the discovery disputes were resolved and Plaintiff requested that the discovery period be extended. Defendants objected to an extension of the discovery period, but this Court noted that Plaintiff would be provided additional time to supplement the discovery provided to Defendants. This extension was also intended to accommodate the parties as they sought to depose at least one additional witness.

The instant Motion has been fully briefed and is ripe for disposition.

## II. Discussion

Leave to amend is governed by Federal Rule of Civil Procedure 15. In relevant part, this Rule states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The proposition that leave should be liberally provided has been reinforced by "innumerable judicial pronouncements by the federal appellate and district courts alike." 6 C. Wright & A. Miller, Federal Practice & Procedure §1484 (April 2017). For example, the United States Supreme Court has stated that "[r]ule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be headed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, absent any "apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the

---

[2] On August 12, 2017, Defendants sought consent to amend their Answer to include the affirmative defense of after-acquired evidence. But, Plaintiff would not provide consent because Defendant would not "provide the factual basis for the alleged affirmative defense." (Doc. 19-1, at 1.) This comports with Defendants' account that they in fact did not have a factual basis for the affirmative defense until the end of September 2017.

3

movant, . . . [or] undue prejudice to the opposing party. . . leave *should be granted*." *Id.* (emphasis added). Some justifications for denying leave are more persuasive than others. Specifically, it is important to note that "prejudice to the non-moving party is the touchstone for the denial of an amendment" under Rule 15.[3] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Mullin v. Balicki*, -- F.3d --, No. 16-2896, 2017 WL 5077954, at *5 (3d Cir. Nov. 6, 2017).

Here, Defendants have moved to amend their Answer to Plaintiff's Complaint to include two affirmative defenses: after-acquired evidence[4] and unclean hands[5]. Defendants claim that these defenses are supported by evidence obtained during Plaintiff's deposition

---

[3] This does not mean the non-moving party may merely claim prejudice and prohibit amendment. *See Bechtel v. Robinon*, 886 F.2d 644, 652 (3d Cir 1989). Rather, a party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered." *Id.*

[4] "After-acquired evidence in an employment discrimination case denotes evidence of the employee's . . . misconduct or dishonesty which the employer did not know about at the time it acted adversely to the employee . . . but which it discovered at some point prior to, or, more typically, during, subsequent legal proceedings." *Mardell v. Harleysville Life Ins. Co.*, 31 F.3d 1221, 1222 (3d Cir. 1994), *judgment vacated by* 514 U.S. 1034 (1995) (remanded for further consideration in light of *McKennon v. Nashville Banner Publ. Co.*, 513 U.S. 352 (1995)). Such evidence will not prevent an employer from being held liable for discrimination, but it may limit the remedies available to the employee. *McKennon*, 513 U.S. at 354 (1995).

[5] In general, the unclean hands defense "closes the doors of a court of equity to one tainted by inequitableness or bad faith relative to the matter in which he seeks relief," no matter how repugnant the Defendant's actions. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). In the employment discrimination context, this defense requires an analysis of an employee's wrongdoing when determining the available remedies. *McKennon*, 513 U.S. at 361.

4

on September 29, 2017. Defendants' Answer was filed on February 17, 2017. Thus, it follows that the defenses Defendants now seek to add had no basis in fact when the Answer was filed. For that reason, Defendants believe amendment is warranted.

Plaintiff opposes Defendants' Motion for Leave to Amend. At bottom, Plaintiff claims that Defendants delayed the instant Motion in bad faith so to prevent Plaintiff from questioning deponents about the newly alleged affirmative defenses. Plaintiff argues that Defendants had an evidentiary basis for the instant Motion as early as July 2, 2017. In fact, Defendants attempted to amend their Answer by consent on August 12, 2017.[6] But, after failing to obtain consent, Defendants waited until October 16, 2017 to file this Motion. Plaintiff notes that the filing occurred less than a month before the close of discovery, and after key witnesses were deposed.

A delay in time absent additional circumstances is an insufficient ground to deny leave to amend. *See Hadeed v. Advanced Vascular Res. of Johnstown*, LLC., No. 15-cv-22, 2017 WL 4286343, at *3 (W.D. Pa. Sept. 26, 2017) (citing *Cureton v. NCAA*, 252 F.3d 297, 273 (3d Cit. 2001). Here, at the earliest, Defendants were provided the evidentiary basis for amendment roughly three months prior to filing the instant motion. Further, the motion was made during the discovery period. Put simply, this does not rise to the level of undue delay. *See, e.g.*, *Langbord v. United States Dep't of the* Treasury, 749 F. Supp. 2d 268, 275 (E.D. Pa. 2010) (finding a four year delay did not amount to an "undue delay."); *Hadeed*, 2017 WL 4286343, at *4 (finding undue delay when leave to amend was requested on the eve of the deadline to file motions for summary judgment, nine months after the close of fact

---

[6] It is curious that Plaintiff now claims that Defendants had an evidentiary basis for the affirmative defense of after-acquired evidence when it was first made on August 12, 2017. When Defendants attempted to obtain Plaintiff's consent for the amendment to include the affirmative defense in August of 2017 Plaintiff cited a *lack* of evidentiary basis for her refusal to provide the requested consent.(Doc. 19-1, at 1.)

5

discovery). Additionally, this court must "focus on the movant[s'] reasons for not amending sooner." *Cureton*, 252 F.3d at 273. Courts have been critical of granting leave to amend when a significant delay was the result of a "strategy decision." *See Langbord*, 749 F. Supp. 2d at 275. But here, neither Plaintiff nor Defendants suggest that the delay was caused by such a decision. Instead, Defendants claim that they were unaware evidence existed to support amendment until September 29, 2017. Once the necessary evidence was discovered, the instant motion was timely.[7] Moreover, it was within Plaintiff's power to consent to this amendment at issue in August of 2017. Thus, the cause of this delay was at least in part due to Plaintiff's unwillingness to consent to the amendment in August. For these reasons, the delay in filing the instant motion will not be fatal.

Because Plaintiff is unable to rest on a theory of delay to support its position that the instant Motion should be denied, Plaintiff must argue that she faces prejudice if the motion is granted. While the undue delay and bad faith factors invoked by Plaintiff focus on Defendants' motives for not seeking leave to amend earlier, the prejudice consideration focuses on the effects of allowing the amendment would have on the non-movant. *See Lanbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016). To that end, Plaintiff claims that granting defendants leave to file an amended pleading "without giving Plaintiff adequate opportunity to conduct discovery on Defendants' new affirmative defense . . . would be highly prejudicial." (Doc. 19-1, at 4). Generally, when assessing whether prejudice would occur, courts in our Circuit seek to determine whether "allowing an amendment would result in additional discovery, cost, and preparation to defendant against new facts or theories." *Cureton*, 252 F.3d at 273. But here, on a conference call with this Court on November 28, 2017, Plaintiff specifically requested additional time for discovery. And, this

---

[7] In fact, the instant Motion was filed just three days after Defendants received the transcript of Plaintiff's deposition.

6

request was not a result of Defendants' proposed amendment. For this reason, any additional discovery or cost related to discovery cannot be said to prejudice Plaintiff when Plaintiff is the party seeking the extension.

Since the proposed amendment was not the result of undue delay and would not prejudice Plaintiff, Defendants' Motion for Leave to Amend will be granted.

### III. Conclusion

Defendants' Motion for Leave to Amend will be granted because the amendment sought is logically connected to the documents discovered and does not prejudice Plaintiff. Additionally, the discovery period will be extended by sixty days (60) to allow for additional discovery.

An appropriate order follows.

 December 4, 2017                   /s/ A. Richard Caputo
Date                                A. Richard Caputo
                                             United States District Judge